Jerry R. PLOCHER, Plaintiff,

v.

S & H SERVICES, INC., et al., Defendants.

S & H SERVICES, INC., Defendant Third-Party Plaintiff-Appellant,

v.

COMMERCIAL UNION INSURANCE COMPANY et al., Third-Party Defendants-Appellees.

No. 76–1571.

United States Court of Appeals, Fifth Circuit.

April 18, 1978.

---

Christopher Tompkins, Leonard A. Radlauer, New Orleans, La., for defendant third-party plaintiff-appellant.

H. Edward Weidlich, Jr., F. Phil Lozes, New Orleans, La., for Commercial Union Ins.

Joseph J. Weigand, Jr., Houma, La., for Argonaut Ins. Co.

Charles W. Franklin, Baton Rouge, La., for Odom Offshore Surveys.

Michael X. St. Martin, Houma, La., for Jerry Plocher.

Before WISDOM and GEE, Circuit Judges, and VAN PELT,* District Judge.

VAN PELT, Senior District Judge:

S & H Services, Inc. (S & H) appeals from the dismissal of its third party complaint against Commercial Union Insurance Company (Commercial Union). The original plaintiff, Jerry Plocher, filed a Seaman's Complaint for Damages for injuries he suffered while working as a marine diver for S & H on July 1, 1973. Plocher was injured while attempting to debark onto a platform owned by Pennzoil Offshore Gas Operators, Inc. from a boat owned by Dearborn Marine Service Corporation (Dearborn) and operated by Freeport Operators, Inc. (Freeport). The accident site was in the Gulf of Mexico where a pipeline was being laid by Texas Eastern Transmission Company (TETCO) which had entered into an oral contract with Odom Offshore Surveys, Inc. (Odom) to perform the bulk of the pipeline work. Odom had contracted with Dearborn to furnish the boat and had contracted with S & H to furnish marine divers and diving equipment needed for the surveying operations. Plaintiff, after twice amending his complaint, sued all of the above parties with the exception of Commercial Union. Additionally, plaintiff sued Argonaut Insurance Company (Argonaut) which plaintiff alleged insured S & H for all acts of negligence attributable to it. As might be expected, several of the parties filed various cross and third party complaints against one another while disclaiming liability.

Plaintiff's complaint was filed on January 4, 1974. It appears that Argonaut's attorneys shortly thereafter filed interrogatories on behalf of S & H, and filed the Answer for S & H. Commercial Union, which provided contractual liability insurance for S & H, was first brought into the

suit when TETCO filed a cross complaint against S & H (and others not relevant to this suit) and Odom filed a third party complaint against S & H (and others not relevant to this suit). They alleged that if they were found liable to plaintiff, they were entitled to be indemnified by S & H as a result of a contractual agreement. The contractual agreement referred to was a Master Service Contract Odom held with S & H. In the contract, S & H agreed to indemnify and hold Odom harmless from and against any and all claims, demands, or suit for damages to persons, including bodily injury, which might be brought by S & H's employees regardless of whether that injury was caused in whole or part by the negligence of Odom. Furthermore, the contract provided that this indemnity would extend to any owner or operator for whom Odom was performing operations or services—which was definitely the relationship which Odom had with TETCO. Commercial Union's attorneys responded on behalf of S & H. Odom and TETCO made motions for summary judgment against S & H (and others). Oral argument was had and the court, by minute entry, granted the motions for summary judgment against S & H.

Soon after summary judgment was granted against S & H, Commercial Union's attorneys withdrew as counsel for S & H. A third party complaint was then filed by S & H against Commercial Union alleging that the insurance policy issued by Commercial Union to S & H covered any contractual obligations which they might owe to TETCO or Odom. Commercial Union responded by filing a Motion for Summary Judgment and/or Dismissal and Memorandum in support thereof.

Commercial Union argued that the policy language excluded such coverage. The trial court granted summary judgment in Commercial Union's favor without opinion.

The only question on appeal is whether, based on the insurance contract between S & H and Commercial Union, the trial court erred in dismissing the complaint. We hold it did not and affirm.

S & H had one policy of insurance with Commercial Union, that being policy No. CC 9206–002. The main body of the policy excluded:

(a) . . . liability assumed by the insured under any contract or agreement except an incidental contract; but this exclusion does not apply to a warranty of fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner.

\* \* \* \* \* \*

(j) . . . bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify another because of damages arising out of such injury; but this exclusion does not apply to liability assumed by the insured under an incidental contract.

. . .

Incidental contract was defined as:

any written (1) lease of premises, (2) easement agreement, except in connection with construction or demolition operations on or adjacent to a railroad, (3) undertaking to indemnify a municipality required by municipal ordinance except in connection with work for the municipality, (4) sidetrack agreement or (5) elevator maintenance agreement.

It is clear the Master Service Contract does not fall within the definitions of an incidental contract. The exclusions clearly apply to the instant case. Appellant's position is that a Broadened Coverage Endorsement modified the foregoing policy provisions and extended coverage in this situation.

The applicable Broadened Coverage Endorsement provides:

In consideration of the premium charge indicated above, such insurance as is provided by the Comprehensive General Liability Insurance coverage part of the policy is modified as follows:

It is agreed:

CONTRACTUAL LIABILITY INSURANCE

1. Exclusion (a) is deleted and the following exclusion is substituted therefor:

(a) to liability assumed by the insured under any contract or agreement except a contract as defined in this policy; but this exception does not apply to bodily injury or property damage arising out of professional services, including:

(1) the preparation or approval of maps, plans, opinions, reports, surveys, designs or specifications, and

(2) supervisory, inspection or engineering services, performed by the insured or his indemnitee if either is an architect, engineer or surveyor;

2. The following definition is added: "contract" means any (1) "incidental contract" as defined herein or (2) any other written contract or agreement wherein the named insured has expressly assumed liability for damages to which this policy applies, provided, however, that such liability shall not be construed as including liability under a warranty of the fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner.

Appellant's only real argument is that:
The endorsement specifically extended the coverage to contractually assumed liability the very liability found against appellant in this instance.

Appellant's brief at 4. This ignores the clear policy language. Coverage was not extended for any and all types of contractually assumed liability. Exclusion (a) was merely modified so as not to exclude professional services performed by architects, engineers or surveyors. Exclusion (j) relating to bodily injury to any employee of the insured was still applicable and did not conflict with the endorsement. The definition of incidental contract remained unchanged. The policy language is clear and there is no ambiguity. We see no difference between this case and *Parfait v. Jahncke Service, Inc.*, 484 F.2d 296 (5th Cir. 1973), *cert. denied*, 415 U.S. 957, 94 S.Ct. 1485, 39 L.Ed.2d 572 (1974). *Parfait* found an exclusionary provision relating to bodily injury sustained by an employee did not conflict with other policy provisions and was not ambiguous.

Affirmed.